UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VERNADO MALONE, SR.,
   Plaintiff,

vs.   No. 07-1232

J.C. ZUERCHER, et. al,
   Defendants

## ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the merit review hearing by telephone conference call.

## MERIT REVIEW

The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated. However, since the plaintiff was a federal prisoner at the time of the allegations in his complaint and his defendants are all employees of the Federal Correctional Institution in Pekin, his lawsuit is actually filed pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff has named 14 defendants including Warden J.C. Zuercher, Regional Director Michael K. Nalley, Regional Counsel Richard Schott, Mr. Diltelman, Clinical Director S. Moats, Dr. A. Molina, Case Manager J. Richardson, Unit Manager S. L. Wheeler, Unit Counselor Larry Gerber, Secretary Terry Garrett, Correctional Officers Fisher and John Doe, Federal Bureau of Prisons Director Harley Lappin and Attorney General Alberto Gonzales. The plaintiff is suing the defendants in their individual and official capacities.

The plaintiff's complaint states that he has chronic asthma. The plaintiff was incarcerated at the Federal Correctional Institution in Pekin and he says the facility is designated as a smoke free environment. Cigarettes found on inmates are considered contraband. Nonetheless, the plaintiff says several defendants smoked dozens of cigarettes at the entrance and exit doors to his housing unit and/or the food service entrance. The plaintiff says he had to walk by this area several times a day and the smoke aggravated his asthma condition. The plaintiff says he had to use an inhaler and receive other medication due to the second hand smoke. The plaintiff has adequately alleged that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.

The next question is whether the named defendants were directly involved in the plaintiff's claims. "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). In addition, the doctrine of *respondeat superior* (supervisor liability) does not apply. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

The plaintiff states that Defendants Gerber, Richardson, Garrett, Fisher and John Doe smoked dozens of cigarettes in his presence even though they knew it was impacting his asthma. The plaintiff says he told Defendants Lappin, Nalley, Wheeler, Moats and Zuercher about the problem, but they took no action. The plaintiff says Defendants Diltelman and Dr. Molina either provided treatment for the plaintiff or knew about the treatment he was receiving and took no action to stop the problem. The plaintiff has adequately stated claims against each of these individuals. However, the plaintiff does not state any personal involvement by Defendants Regional Counsel Schott and Attorney General Gonzales. The mere fact that both have supervisory roles is not enough. The court must therefore dismiss these two defendants.

The court must also dismiss the plaintiff's official capacity claims. Section 1983 allows a civil action for damages based on the violation of a constitutional right. *Bivens,* 403 U.S. at 395-96. However, a suit against a federal agency or federal official in his or her official capacity is actually a claim against the United States. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). The doctrine of sovereign immunity shields the United States from such suits unless it has given its consent to waive this immunity. *F.D.I.C. v Meyer,* 510 U.S. 471, 477-78 (1994). Therefore, the court lacks jurisdiction over the plaintiff's official capacity claims and those claims must be dismissed.

Finally, the court notes that the plaintiff's complaint states that he is suing pursuant to other federal and state laws. However, the only specific allegation in the plaintiff's complaint is a violation of his Eighth Amendment right. The plaintiff has not adequately alleged any other violation and his complaint does not properly put the defendants on notice of any other violation.

## MOTIONS

The plaintiff has also filed two motions for appointment of counsel. [d/e 3, 11]. Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was '"district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. Here, the

2

plaintiff has been released from custody and has not shown what efforts he has made since his release to secure his own counsel. The plaintiff's motions are denied. The court instructed the plaintiff that any future motion should include a statement of the efforts he has made to retain counsel. At this point, based on the plaintiff's submissions and participation in the merit review hearing, he appears competent to proceed *pro se.*

The plaintiff has also filed a motion for class certification. [d/e 16] The motion is denied. First, the plaintiff is not represented by an attorney and does not claim that he is personally an attorney. Since absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *see also Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D.Wis.1983); *Huddleston v. Duckworth*, 97 F.R.D. 512, 514-15 (N.D.Ind.1983)(prisoner proceeding pro se not allowed to act as class representative).

Second, even lawyers may not act both as class representative and as attorney for the class because that arrangement would eliminate the checks and balances imposed by the ability of the class representatives to monitor the performance of the attorney on behalf of the class members. *See e.g.*, *Sweet v. Bermingham*, 65 F.R.D. 551, 552 (1975); *Graybeal v. American Saving & Loan Ass'n*, 59 F.R.D. 7, 13-14 (D.D.C.1973); *see also Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 n. 5 (7th Cir.1977), appeal after remand, 587 F.2d 866 (1978), cert. denied, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980); *Conway v. City of Kenosha*, 409 F.Supp. 344, 349 (E.D.Wis.1975)(plaintiff acting both as class representative and as class attorney precludes class certification).

Finally, the plaintiff has filed a motion to submit an exhibit. [d/e 4]. The plaintiff has taped a cigarette to a paper which he claims one of the defendants smoked. The motion is denied. The court has no way of establishing where the cigarette came from and the plaintiff should not submit exhibits to the court at this stage of the proceedings. It is also not appropriate to ask the clerks to handle this exhibit.

## IN FORMA PAUPERIS

When the plaintiff filed this lawsuit, he was incarcerated. His motion to proceed *in forma pauperis* was granted based on his financial status. However, the plaintiff and the prison trust fund office were directed to begin making payments toward the $350 filing fee. The plaintiff has since been released from custody, but he still must make payments toward his filing fee. The plaintiff is to provide the court with a statement of his current work status and income. If the plaintiff fails to provide this information, his case may be dismissed. The plaintiff must provide the statement within 21 days.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court**

finds that the plaintiff states the following federal claim: Defendants Warden J.C. Zuercher, Regional Director Michael K. Nalley, Mr. Diltelman, Clinical Director S. Moats, Dr. A. Molina, Case Manager J. Richardson, Unit Manager S. L. Wheeler, Unit Counselor Larry Gerber, Secretary Terry Garrett, Correctional Officers Fisher and John Doe and Federal Bureau of Prisons Director Harley Lappin.  The claim is against the defendants in their individual capacities only.

2)  All other claims based on federal or state law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

3) The clerk of the court is directed to dismiss Defendants Schott and Gonzales for failure to state a claim upon which relief can be granted against these two individuals.

3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) The court cannot serve a defendant identified only as "John Doe."  If the plaintiff wishes to serve this correctional officer, he must provide some identifying information or attempt to learn the name through the discovery process as soon as possible.   If not, this defendant shall be dismissed from the case.

5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

8) The plaintiff's motions for appointment of counsel are denied. [d/e 3, 11].  Any future motions must include a statement of the plaintiff's efforts to retain counsel since his release.

9) The plaintiff's motion for class certification is denied. [d/e 16]

10) The plaintiff's motion to submit an exhibit is denied. [d/e 4].  The exhibit, a cigarette, is to be destroyed.

**11) The plaintiff is to provide the court with a statement of his work status and income within 21 days.**

Entered this 16th Day of November, 2007.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE