UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| VERNADO MALONE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1232 |
| | ) |
| J.C. ZUERCHER, | ) |
| Warden FCI Pekin, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

The defendants, J.C. Zuercher, Warden of Federal Corrections Institution, Pekin, Illinois ("FCI Pekin"); Michael K. Nalley, Regional Director of the Federal Bureau of Prisons ("BOP"); Mr. Dintleman, Assistant Health Services Administrator FCI Pekin; Dr. S. Moats, Clinical Director FCI Pekin; Dr. A. Molina, Chronic Care Director, FCI Pekin; Mrs. J. Richardson, Case Manager FCI Pekin; Mrs. S.Wheeler, Unit Manager, FCI Pekin; Mr. Larry Geber, Unit Counselor FCI Pekin; Mrs. Terry Garrett, Secretary FCI Pekin; Mrs. Fisher, Correctional Officer FCI Pekin; and Haily G. Lappin, Director U.S. Department of Justice BOP[1], through their attorneys, Rodger A. Heaton, United States Attorney and Gerard A. Brost, Assistant United States Attorney for the Central District of Illinois, and hereby answers and responds to

---

[1] While the defendant identified as only "John Doe" has not yet been dismissed from this case, the plaintiff has failed to identify said defendant and no service of process has been made on this unidentified party.

plaintiff's Civil Rights Complaint as follows:

## AFFIRMATIVE DEFENSES

1. The plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his administrative remedies.

3. Defendants are entitled to qualified immunity.

4. Defendants Lappin and Nalley are not subject to the personal jurisdiction of this Court.

5. Plaintiff is not entitled to injunctive relief.

6. To the extent that plaintiff seeks to hold the defendants liable on a basis of vicarious liability or upon a theory of respondent superior plaintiff fails to state a claim upon which relief may be granted.

7. Plaintiff fails to state a claim upon a violation of a clearly established right secured to the plaintiff by the United States Constitution.

8. Plaintiff is required to make periodic payments of his filing fee as required under his status proceeding in forma pauperis. Because he is no longer in prison custody, BOP cannot make these periodic payments. Plaintiff's failure to make these payments on his own would result in dismissal of this action.

The defendants respond to the specifically numbered paragraphs in plaintiff's complaint as follows:

## CIVIL RIGHTS COMPLAINT

This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

## JURISDICTION

This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

## PARTIES

1. Denied.

2. Admit Defendant Zuercher is the Warden of FCI Pekin, all other allegations are denied.

3. Admit Defendant Nalley is Regional Director of BOP, all other allegations are denied.

4. Admit Defendant Schott is Regional Counsel for BOP, all other allegations are denied.

5. Admit Defendant Dintleman is Assistant Health Service Administrator, all other allegations are denied.

6. Admit Defendant Moats is Clinical Director at FCI Pekin, all other allegations are denied.

7. Admit Defendant Molina is a doctor at FCI Pekin, all other allegations are denied.

8. Admit Defendant Richardson is a case manager at FCI Pekin, all other allegations are denied.

9. Admit Defendant Wheeler was a unit manager at FCI Pekin, all other allegations are denied.

10. Admit Defendant Geber was a correctional counselor at FCI Pekin, all other allegations are denied.

11. Admit Defendant Garrett was a secretary at FCI Pekin, all other allegations are denied.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

13. Admit Defendant Fisher was a correctional officer at FCI Pekin, all other allegations are denied.

14. Admit Defendant Lappin was Director of the BOP, all other allegations are denied.

15. Denied.

## FACTS

1. Denied.

2. Admit.

3. Denied.

4. Denied.

5. Defendants are without knowledge or information sufficient to form a belief in the truth of the allegations contained within this paragraph.

6. Defendants are without knowledge or information sufficient to form a belief in the truth of the allegations contained within this paragraph.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Defendants are without knowledge or information sufficient to form a belief in the truth of the allegations contained within this paragraph.

12. Denied.

13. Denied.

14. Admit Defendant Dintleman was then Assistant Health Services Administrator who treated plaintiff for asthma, all other allegations are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

CLAIMS
First Cause of Action

1. Denied.

2. Denied.

Second Cause of Action

1. Denied.

2. Denied.

## RELIEF

This Section contains requests for relief to which no answer is required. To the extent an answer is required, the allegations are denied.

WHEREFORE, the defendant having fully answered Plaintiff's Complaint, requests that this Court dismiss plaintiff's complaint, for its costs incurred herein, and for such further relief as is just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY

s/: GERARD A. BROST
Gerard A. Brost
Assistant United States Attorney
United States Attorney's Office
One Technology Plaza, Room 429
211 Fulton Street
Peoria, Illinois 61602
Telephone: (309) 671-7050

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed a copy to:

>Vernado Malone, Sr.
>4322 N. Hickory Road, #1C
>Mish, IN 46545
>
>   s/: Margo Scamp
>   Legal Assistant